IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SANTIAGO RAMIREZ**,<br><br>                Plaintiff,<br><br>v.<br><br>**K & T PROVISIONS, INC.**,<br>d/b/a **K & T MEAT MARKET**,<br>**PETER PETRATOS**, and<br>**ROBERT ELIODROMYTIS**,<br><br>                Defendants. | **Docket No.: 15-cv-05657**<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT AND JURY DEMAND

Plaintiff, SANTIAGO RAMIREZ, by and through his attorneys, JTB LAW GROUP, LLC, as and for his Complaint against Defendants K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET ("K&T," the "Defendant Corporation" or the "Company"), PETER PETRATOS ("Petratos"), and ROBERT ELIODROMYTIS ("Eliodromytis") (collectively, the "Defendants"), alleges of his own knowledge as to his conduct, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. This collective/class action arises out of the persistent and willful failure of Defendants K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET, PETER PETRATOS and ROBERT ELIODROMYTIS to pay overtime or "spread of hours" pay, and their failure to provide legally required notices, to Plaintiff SANTIAGO RAMIREZ, a former employee of Defendants, during the timeframes permissible under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et*

*seq.*, and the New York Wage and Hour Laws, N.Y. Labor Law Article 6 §§ 190 *et seq.,* Article 19 §§ 650 *et seq.,* and related regulations ("NYLL").

2. Plaintiff worked as a butcher in Defendants' store for many years, until March 31, 2015. While he was employed there, Defendants violated the FLSA and the NYLL by:

   a. misclassifying Plaintiff as exempt from the overtime requirements of the FLSA and the NYLL;

   b. not paying Plaintiff overtime pay for time worked in excess of forty (40) hours each week, as required under both the FLSA and the NYLL;

   c. not paying Plaintiff one additional hour of pay at the basic minimum hourly rate on those days when his spread of hours exceeded ten (10), as required under the NYLL;

   d. failing to provide Plaintiff with written notice of his regular pay rate, overtime pay rate, the regular payday, and other information, as required under NYLL § 195.1(a); and

   e. failing to provide Plaintiff, "with every payment of wages" as required under NYCRR § 142-2.7, a written statement of hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages.

3. By reason of Defendants' persistent, willful, and continuing violations of the FLSA and the NYLL, Plaintiff was illegally underpaid for his work.

4. Plaintiff brings this action to recover monetary damages, liquidated damages, interest, penalties, and costs, including reasonable attorney's fees, as a result of Defendants' persistent, willful, and continuing violations of the FLSA and NYLL.

5. For at least six (6) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

6. Defendants were required by law to record the hours worked by Plaintiff. Defendants therefore have, or should have, records sufficient to permit a calculation of the hours worked and the overtime and "spread of hours" compensation owed to Plaintiff.

7. Plaintiff also brings a claim for quantum meruit or unjust enrichment to recover certain expenses he incurred on behalf of Defendants K&T and Eliodromytis.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the FLSA, a federal statute.

9. As to the claims under the NYLL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because all or substantially all of the events and omissions that give rise to this claim occurred in this District.

## THE PARTIES

### *Plaintiff*

11. At all relevant times herein, Plaintiff SANTIAGO RAMIREZ was, and currently is, a resident of Bronx County, State of New York.

12. Plaintiff was a butcher at K & T Meat Market, 37-11 Broadway, Astoria, Queens (the "Market") for approximately eighteen (18) years, until March 31, 2015.

13. Plaintiff consents to being a party pursuant to 29 U.S.C. § 216(b).

### *Defendants*

14. Defendant K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET ("K&T") is a business corporation organized and existing under the laws of the State of New York, with a

principal executive office at 37-11 Broadway, Astoria, New York 11103, in Queens County. *See* **Exhibit A**.[1]

15.     On information and belief, Defendant PETER PETRATOS ("Petratos") was the owner of the Market until sometime in 2012 or 2013.

16.     On information and belief, Defendant Eliodromytis bought the Market sometime in 2012 or 2013, and is currently its owner.

17.     Defendant Petratos is currently listed on the website of the Secretary of State of the State of New York as the Chief Executive Officer of Defendant K&T. *See* **Exhibit A**.

18.     However, on information and belief, Defendant Petratos left employment at the Market sometime in 2013.

19.     On information and belief, Defendant ROBERT ELIODROMYTIS ("Eliodromytis") is currently the President of Defendant K&T.

20.     At least until he sold the Market to Defendant Eliodromytis, sometime in 2012 or 2013, Defendant Petratos possessed operational control over Defendant K&T; possessed an ownership interest in Defendant K&T; and/or controlled significant business functions of Defendant K&T.

21.     At least until he sold the Market to Defendant Eliodromytis, sometime in 2012 or 2013, Defendant Petratos had the authority to hire and fire Plaintiff; determined the wages and compensation of Plaintiff; established his schedule; and maintained Plaintiff's time and payroll records.

---

[1] Exhibit A is a correct copy of the information available on the New York Secretary of State's website about K & T Provisions, Inc.  *See*  https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_nameid=245454&p_corpid=206934&p_entity_name=K%20%26%20T%20PROVISIONS&p_name_type=A&p_search_type=BEGINS&p_srch_results_page=0 (last visited September 30, 2015).

22.     At least since purchasing the Market in 2012 or 2013, Defendant Eliodromytis has possessed operational control over Defendant K&T; possessed an ownership interest in Defendant K&T; and/or controlled significant business functions of Defendant K&T.

23.     At least since purchasing the Market in 2012 or 2013, Defendant Eliodromytis has had the authority to hire and fire Plaintiff; has determined the wages and compensation of Plaintiff; has established his schedule; and has maintained Plaintiff's time and payroll records.

24.     At all relevant times, Defendants, individually and/or jointly, have had annual gross revenues of more than $500,000.

25.     As one of Defendants' employees, Plaintiff handled, sold, or worked on goods or materials, including food and beverage products, that had moved in or been produced for commerce.

26.     Defendants were employers engaged in interstate commerce as those terms are defined under the FLSA and NYLL.

27.     Inasmuch as the allegations herein concern violations that occurred at the Market, located at 37-11 Broadway, Astoria, New York 11103, whichever entity owned and operated this location during all relevant time periods – should discovery reveal that it is a different entity than Defendants – is hereby on notice of Plaintiff's intention to add FLSA and NYLL claims against such Defendant, to be related back to the date on which this Complaint was filed.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*
*Or, In The Alternative, Constitute A Single Employer*

28.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

29.     At all relevant times, Defendants operated the Market, where Plaintiff was employed.

30. At all relevant times, Defendants acted in the interest of each other with respect to Plaintiff and shared control over Plaintiff, and were associated and joint employers of Plaintiff within the meaning of the FLSA and the NYLL.

31. During the time of Plaintiff's employment at the Market, Defendant Corporation:

   a. supervised and controlled Plaintiff's work schedule;

   b. determined the rate and method of payment for Plaintiff's compensation; and

   c. maintained time and payroll records pertaining to Plaintiff.

32. During the time of Plaintiff's employment, Defendant Petratos:

   a. supervised and controlled Plaintiff's work schedule;

   b. determined the rate and method of payment for Plaintiff's compensation; and

   c. maintained time and payroll records pertaining to Plaintiff.

33. In at least the last three years of Plaintiff's employment, Defendant Eliodromytis:

   a. supervised and controlled Plaintiff's work schedule;

   b. determined the rate and method of payment for Plaintiff's compensation; and

   c. maintained time and payroll records pertaining to Plaintiff.

34. In the alternative, Defendants constituted a single employer of Plaintiff.

### *Facts Relevant to Plaintiff's FLSA and NYLL Claims*

35. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

36. Plaintiff was employed as a butcher at the Market for approximately eighteen (18) years, until March 31, 2015. In that capacity he cut, trimmed, and prepared meats for sale, and attended to customers.

37. Plaintiff did not perform any job duties typical of exempt employees.

38.     Plaintiff performed only job duties typical of non-exempt employees.

39.     Plaintiff was generally scheduled to work twelve (12) hours per day, from 6:30 a.m. until 6:30 p.m., five (5) days per week (Monday through Saturday, with Thursdays off), for a total of sixty (60) hours per week.

40.     For instance, Plaintiff worked from 6:30 a.m. until 6:30 p.m. on each of the days from Monday, March 23 through Saturday, March 29, 2015 inclusive except for Thursday, March 26, for a total of sixty (60) hours.

41.     At all times within the statutory period relevant herein, Plaintiff was paid a salary of $500 per week, once per week, in cash. For instance, Plaintiff was paid $500 for the sixty (60) hours he worked from Monday, March 23 through Saturday, March 29, 2015 inclusive except for Thursday, March 26.

42.     Plaintiff's regular rate of pay under both the FLSA and the NYLL was $500 divided by 60, or $8.33 per hour. *See* 29 CFR § 778.113; 12 NYCRR § 142-2.16.

43.     Plaintiff was therefore entitled to an overtime rate of $12.50 per hour for all hours worked in excess of forty (40) in a week.

44.     Plaintiff was not paid at an overtime rate for hours he worked in excess of forty (40) in a week, as required under the FLSA and the NYLL.

45.     Plaintiff did not receive an additional hour's pay at the basic minimum hourly rate on those days when his spread of hours exceeded ten (10) – *i.e.*, virtually every day he worked – in violation of NYCRR § 142-2.4.

46.     Defendants never provided to Plaintiff the written notice required under NYLL § 195.1(a), containing "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; [and] the telephone number of the employer."

47.  Defendants did not provide to Plaintiff, "with every payment of wages" as required under NYCRR § 142-2.7, a written statement of hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages.

48.  Defendants knew or should have known that they were obligated under the FLSA and the NYLL to pay Plaintiff overtime pay for time worked in excess of forty (40) hours each week.

49.  Defendants knew or should have known that they were obligated under the NYLL to pay Plaintiff one additional hour of pay at the basic minimum hourly rate on those days when his spread of hours exceeded ten (10).

50.  Defendants knew or should have known that they were obligated to provide to Plaintiff the written notice described in NYLL § 195.1(a).

51.  Defendants knew or should have known that they were obligated to provide to Plaintiff, "with every payment of wages," the written statement described in NYLL § 142-2.7.

52.  Defendants' wrongful acts and omissions, as alleged herein, were not made in good faith or in conformity with or reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of either such department.

53.  Defendants' above-described violations of the FLSA and the NYLL were willful, arbitrary, unreasonable and in bad faith.

*Facts Relevant to Plaintiff's Quantum Meruit/ Unjust Enrichment Claim*

54. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

55. Sometime in 2013, in connection with the business of K&T, Defendant Eliodromytis bought a truck from which to prepare and sell food.

56. At Defendant Eliodromytis's direction, Plaintiff enrolled in and attended a certification class for working in the food truck.

57. At Defendant Eliodromytis's direction, Plaintiff obtained a vendor's license for the food truck, in Plaintiff's own name.

58. Plaintiff undertook to do these things for the benefit of Defendants K&T and Eliodromytis.

59. Defendant Eliodromytis failed to file a Sales and Use Tax return for the tax period ending May 31, 2013. Unaware that it was his obligation as the record holder of the vendor's license for the truck to file such a return, Plaintiff failed to do so as well.

60. On March 14, 2014, Plaintiff received notice from the New York State Department of Taxation that $963.62 had been deducted from the personal income tax refund that he would otherwise have received, due to his mistaken failure to file a Sales and Use Tax return in 2013.

61. The New York State Department of Taxation also executed on Plaintiff's income in 2015 in connection with the vendor's license, for a total of $100.

62. Defendant Eliodromytis and/or Defendant K&T is/are liable to Plaintiff for reimbursement for these expenses, in an amount to be proven at trial, under quantum meruit or, in the alternative, unjust enrichment.

## FIRST CLAIM FOR RELIEF
## (FLSA VIOLATION)

63. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

64. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

65. At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA.

66. Plaintiff routinely worked over forty (40) hours per week.

67. Defendants did not pay Plaintiff overtime pay for all time worked each week in excess of forty (40) hours, as required under the FLSA.

68. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

69. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70. As a result of the foregoing, Plaintiff was illegally denied proper compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NYLL VIOLATIONS)

71. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

72. At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL.

73. At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the NYLL.

74. Plaintiff routinely worked over forty (40) hours per week.

75. Defendant did not pay overtime pay for all time worked each week in excess of forty (40) hours, as required under the NYLL.

76. Defendants did not pay Plaintiff one additional hour of pay at the basic minimum hourly rate on those days when his spread of hours exceeds ten (10), as required under the NYLL.

77. Defendants never provided to Plaintiff the written notice required under NYLL § 195.1(a).

78. Defendants never provided to Plaintiff the written statement required to be furnished "with every payment of wages" under NYCRR § 142-2.7.

79. Defendants' conduct and practices, described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

80. A six (6) year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

81. As a result of the foregoing, Plaintiff was illegally denied proper compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to N.Y. Labor Law §§ 198(3), 663(3).

### THIRD CLAIM FOR RELIEF
### (QUANTUM MERUIT / UNJUST ENRICHMENT)

82. In 2013, at the direction of Defendant Eliodromytis, Plaintiff enrolled in and attended a certification class, and obtained a vendor's license for a food truck that Eliodromytis intended to operate as part of the business of K&T.

83. Plaintiff obtained the vendor's license in his own name.

84. Plaintiff performed these services for the benefit of Defendants K&T and Eliodromytis.

85. Defendant Eliodromytis accepted Plaintiff's services.

86. In connection with the vendor's truck license, Plaintiff incurred and paid taxes, a penalty, and interest for the tax period ending May 31, 2015, in the amount of $963.62.

87. The New York State Department of Taxation also executed on Plaintiff's income in 2015 in connection with the vendor's license, for a total of $100.

88. Plaintiff had a reasonable, good faith expectation of reimbursement for these expenses.

89. By performing these services and incurring these expenses, Plaintiff conferred a measurable benefit upon Defendants Eliodromytis and K&T.

90. Defendants Eliodromytis and K&T thereby benefitted at Plaintiff's expense.

91. No Defendant has ever reimbursed Plaintiff for any of his expenses.

92. Equity and good conscience require restitution for Plaintiff.

93. Accordingly, Defendants are liable to Plaintiff under quantum meruit or, in the alternative, unjust enrichment, in an amount to be determined at trial; interest at 9%; and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)  A declaratory judgment that Defendants' wage practices alleged herein violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, and attendant regulations at 29 C.F.R. §§ 516 *et seq.*

(B)  A declaratory judgment that Defendants' wage practices alleged herein violated the NYLL.

(C)  An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff.

(D)  Judgment for damages for all unpaid overtime compensation owed to Plaintiff under the FLSA, 29 U.S.C. §§ 201, *et seq.,* and attendant regulations at 29 C.F.R. §§ 516 *et seq.*

(E)  Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. §§ 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff.

(F)  Judgment for damages for all unpaid overtime compensation owed to Plaintiff under the NYLL and related regulations.

(G)  Judgment for liquidated damages in an amount equal to all unpaid overtime compensation owed to Plaintiff under the NYLL and related regulations.

(H)  Judgment for all unpaid "spread of hours" compensation owed to Plaintiff under the NYLL and related regulations.

(I)  Judgment for $5,000.00 for Defendants' persistent failure to provide to Plaintiff the written notice required under NYLL § 195.1(a).

(J)  Judgment for any and all civil penalties to which Plaintiff may be entitled.

(K) An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees, and all costs connected with this action.

(L) Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the complaint.

Dated: September 30, 2015                                  Respectfully submitted,

Jersey City, New Jersey

                                              **JTB LAW GROUP, LLC**

*[signature]*

                                              Patrick S. Almonrode
                                              *patalmonrode@jtblawgroup.com*
                                              Jason T. Brown
                                              *jtb@jtblawgroup.com*
                                              155 2nd Street, Suite 4
                                              Jersey City, NJ 07302
                                              (201) 630-0000 (office)
                                              (855) 582-5297 (fax)

                                              *Attorneys for Plaintiff*