UNITED STATES DISRICT COURT FOR
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
SANTIAGO RAMIREZ,                                                    :   Index No.: 15 CV 05657
                                                                     :
                                                                     :
                              Plaintiff,                             :   **VERIFIED ANSWER TO**
                                                                     :   **COMPLAINT**
         - against -                                                 :
                                                                     :
K & T PROVISIONS, INC., d/b/a K & T MEAT                             :
MARKET, PETER PETRATOS, and ROBERT                                   :
ELIODROMYTIS,                                                        :
                                                                     :
                              Defendants.                            :
-------------------------------------------------------------------- X

Defendants K & T PROVISIONS, INC., d/b/a K & T MEAT MARKET ("K&T") and ROBERT ELIODROMYTIS a/k/a ROBINSON ELIODOMYTIS (collectively referred to as "Defendants") by their attorney, the Law Offices of Michael P. Giampilis, P.C. as and for its answer to the plaintiff's complaint (the "complaint") states as follows:

## PRELIMINARY STATEMENT

1. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1" of the complaint.

2. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "2" of the complaint.

3. Defendants deny the allegations contained in paragraph "3" of the complaint.

4. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "4" of the complaint. The FLSA and NYLL speak for themselves.

5. Defendants deny the allegations contained in paragraph "5" of the complaint.

6. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "6" of the complaint. The law referenced in the plaintiff's paragraph 6 speaks for itself.

7. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of the complaint.

## JURISDICTION & VENUE

8. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "8" of the complaint. The federal statutes cited by plaintiff speak for themselves.

9. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "9" of the complaint.

10. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "10" of the complaint.

## THE PARTIES

### *Plaintiff*

11. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of the complaint.

12. Defendants deny the allegations contained in paragraph "12" of the complaint except that the plaintiff worked at K&T.

13. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "13" of the complaint.

### *Defendants*

14. Defendants agree with the statements contained in paragraph "14" of the complaint.

15. Defendants agree with the statements contained in paragraph "15" of the complaint.

16. Defendants agree with the statements contained in paragraph "16" of the complaint.

17. Defendants agree with the statements contained in paragraph "17" of the complaint.

18. Defendants agree with the statements contained in paragraph "18" of the complaint.

19. Defendants agree with the statements contained in paragraph "19" of the complaint.

20. Defendants agree with the statements contained in paragraph "20" of the complaint.

21. Defendants agree with the statements contained in paragraph "21" of the complaint.

22. Defendants agree with the statements contained in paragraph "22" of the complaint.

23. Defendants agree with the statements contained in paragraph "23" of the complaint.

24. Defendants agree with the statements contained in paragraph "24" of the complaint.

25. Defendants deny the allegations contained in paragraph "25" of the complaint except that the plaintiff worked at K&T.

26. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "26" of the complaint. The FLSA and NYLL speak for themselves.

27. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "27" of the complaint.

## FACTUAL ALLEGATIONS

### *Defendants constitute Joint Employers Or in the Alternative, Constitute a Single Employer*

28. Defendants agree with the statements contained in paragraph "29" of the complaint.

29. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "31" of the complaint.

30. Defendants agree with the statements contained in paragraph "32" of the complaint.

3

31. Defendants deny the allegations contained in paragraph "33" of the complaint except that Mr. Eliodromytis has had authority at K&T since he purchased an ownership interest in the corporation.

32. Defendants deny the allegations contained in paragraph "34" of the complaint.

### *Facts Relevant to Plaintiff's FLSA and NYLL Claims*

33. Defendants deny the allegations contained in paragraph "36" of the complaint except that the plaintiff worked at K&T.

34. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "37" of the complaint.

35. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "38" of the complaint.

36. Defendants deny the allegations contained in paragraph "39" of the complaint.

37. Defendants deny the allegations contained in paragraph "40" of the complaint.

38. Defendants deny the allegations contained in paragraph "41" of the complaint.

39. Defendants deny the allegations contained in paragraph "42" of the complaint.

40. Defendants deny the allegations contained in paragraph "43" of the complaint.

41. Defendants deny the allegations contained in paragraph "44" of the complaint.

42. Defendants deny the allegations contained in paragraph "45" of the complaint.

43. Defendants deny the allegations contained in paragraph "46" of the complaint.

44. Defendants deny the allegations contained in paragraph "47" of the complaint.

45. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "48" of the complaint.

46. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "49" of the complaint.

47. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "50" of the complaint.

48. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "51" of the complaint.

49. Defendants deny the allegations contained in paragraph "52" of the complaint.

50. Defendants deny the allegations contained in paragraph "53" of the complaint.

### *Facts Relevant to Plaintiff's Quantum Meruit /Unjust Enrichment Claim*

51. Defendants deny the allegations contained in paragraph "55" of the complaint.

52. Defendants deny the allegations contained in paragraph "56" of the complaint except that plaintiff did enroll in a certification class.

53. Defendants deny the allegations contained in paragraph "57" of the complaint except that plaintiff did obtain a vendor's food license in his own name.

54. Defendants deny the allegations contained in paragraph "58" of the complaint.

55. Defendants deny the allegations contained in paragraph "59" of the complaint.

56. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "60" of the complaint.

57. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "61" of the complaint.

58. Defendants deny the allegations contained in paragraph "62" of the complaint.

### FIRST CLAIM FOR RELIEF
### (FLSA VIOLATION)

59. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "62" of the complaint.

60. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "64" of the complaint. The FLSA speaks for itself.

61. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "65" of the complaint. The FLSA speaks for itself.

62. Defendants deny the allegations contained in paragraph "66" of the complaint.

63. Defendants deny the allegations contained in paragraph "67" of the complaint.

64. Defendants deny the allegations contained in paragraph "68" of the complaint.

65. Defendants deny the allegations contained in paragraph "69" of the complaint.

66. Defendants deny the allegations contained in paragraph "70" of the complaint.

## SECOND CLAIM FOR RELIEF
## (NYLL VIOLATION)

67. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "70" of the complaint.

68. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "72" of the complaint. The NYLL speaks for itself.

69. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "73" of the complaint. The NYLL speaks for itself.

70. Defendants deny the allegations contained in paragraph "74" of the complaint.

71. Defendants deny the allegations contained in paragraph "75" of the complaint.

72. Defendants deny the allegations contained in paragraph "75" of the complaint.

73. Defendants deny the allegations contained in paragraph "76" of the complaint.

74. Defendants deny the allegations contained in paragraph "77" of the complaint.

75. Defendants deny the allegations contained in paragraph "78" of the complaint.

76. Defendants deny the allegations contained in paragraph "79" of the complaint.

77. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "80" of the complaint. The NYLL speaks for itself.

78. Defendants deny the allegations contained in paragraph "81" of the complaint.

### THIRD CLAIM FOR RELIEF
### (QUANTUM MERUIT/UNJUST ENRICHMENT)

79. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "81" of the complaint.

80. Defendants agree with the statements contained in paragraph "83" of the complaint.

81. Defendants deny the allegations contained in paragraph "84" of the complaint.

82. Defendants deny the allegations contained in paragraph "85" of the complaint.

83. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "86" of the complaint.

84. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "87" of the complaint.

85. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "88" of the complaint.

86. Defendants deny the allegations contained in paragraph "89" of the complaint.

87. Defendants deny the allegations contained in paragraph "90" of the complaint.

88. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "91" of the complaint.

89. Defendants deny the allegations contained in paragraph "92" of the complaint.

90. Defendants deny the allegations contained in paragraph "93" of the complaint.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's wages were fully paid for the entire period of their employment.

### THIRD AFFIRMATIVE DEFENSE

Defendants are not liable to plaintiff, or in the alternative plaintiff's claims should be reduced and the Defendants are entitled to a setoff for all wages paid to plaintiff during his employment claimed in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's wages, including minimum wage, overtime pay and spread of hours pay claimed in the complaint were fully paid in accordance with the Federal Labor Standards Act and New York State Labor Laws.

### FIFTH AFFIRMATIVE DEFENSE

The causes of action asserted in the complaint are barred, in whole or in part, by the doctrines of unclean hands and bad faith conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by fraud and/or misrepresentation.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' actions were at all times proper and in good faith.

### AS AND FOR A CROSS-CLAIM BY DEFENDANTS K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET and ROBERT ELIODROMYTIS a/k/a ROBINSON ELIODROMYTIS AGAINST CO-DEFENDANT PETER PETRATOS

1. In or about the summer of 2013, defendant PETER PETRATOS sold his shares of

stock in defendant K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET to defendant ROBERT ELIODROMYTIS a/k/a ROBINSON ELIODROMYTIS, and ceased operation and control of the business of defendant K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET.

2. As such, if the plaintiff does recover any of the damages alleged in the plaintiff's complaint, and if it is found that the answering Defendants K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET and ROBERT ELIODROMYTIS a/k/a ROBINSON ELIODROMYTIS are liable to plaintiff herein, all of which is specifically denied, whether by means of settlement, verdict or judgment, then said answering Defendants are entitled to recovery and indemnification from, and judgment over, and against co-defendant PETER PETRATOS for the period of time that co-defendant PETER PETRATOS operated and excercised control of K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET as the employer of plaintiff and owner of shares of defendant K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET up and until defendant ROBERT ELIODROMYTIS a/k/a ROBINSON ELIODROMYTIS commenced sole operation and control at defendant K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET.

## **RESERVATION OF RIGHTS**

Defendants hereby give notice to plaintiffs as stated in their Answer that they lack sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the plaintiffs' complaint or specific knowledge of actions on the part of plaintiffs or other persons that contributed to or caused plaintiffs' alleged damages. Until Defendants avail themselves of their right of discovery, it cannot be

determined whether or not the above stated Affirmative Defenses will be asserted at trial. Defendants assert these defenses in their Answer in order to preserve their right to assert these affirmative defenses at trial and to give plaintiffs notice of their intention to assert these defenses and avoid waiver of any defenses.

Defendants therefore hereby reserve the right to add additional affirmative defenses as may become known during the course of discovery.

WHEREFORE, Defendants demand judgment dismissing plaintiffs' complaint in its entirety, with an award of costs, disbursements and reasonable attorneys' fees, together with such other and further relief as to this Court seems just and proper.

Dated: November 29, 2015
Mineola, New York

                                       LAW OFFICES OF
                                       MICHAEL P. GIAMPILIS, P.C.

                                       By: Michael P. Giampilis (MG3386)
                                       Attorney for Defendants K & T
                                       PROVISIONS, INC., d/b/a K & T MEAT
                                       MARKET, PETER PETRATOS, and
                                       ROBERT ELIODROMYTIS
                                       94 Willis Avenue
                                       Mineola, New York 11501
                                       (516) 739-5838
                                       (516) 739-8225 fax
                                       mgiampilis@giampilislaw.com

To: Patrick S. Almonrode, Esq.
      JTB LAW GROUP, LLC
      Attorneys for Plaintiff
      155 2nd Street, Suite 4

Jersey City, NJ 07302
(201) 630-0000
(201) 582-5297 FAX
patalmonrode@jtblawgroup.com

## VERIFICATION

STATE OF NEW YORK }
COUNTY OF QUEENS } ss:.

Robinson
ROBERT ELIODROMYTIS, being duly sworn deposes and says that:

Your deponent is a named defendant in the within action. Your deponent has read the foregoing Answer, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. The grounds of my knowledge are my personal knowledge and a review of relevant books and records.

_____
ROBERT ELIODROMYTIS
Robinson

Sworn to before me, this
29th day of November, 2015

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State Of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 2019

11

## VERIFICATION

STATE OF NEW YORK       }
COUNTY OF QUEENS     } ss:.

*Robinson*

~~ROBERT~~ ELIODROMYTIS, being duly sworn deposes and says that:

Your deponent is an officer of K & T PROVISIONS, INC., d/b/a K & T MEAT MARKET, a domestic corporation and defendant in the within action. Your deponent has read the foregoing Answer, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. This verification is made by me because the above party is a corporation and I am an officer thereof. The grounds of my knowledge are my personal knowledge and a review of relevant books and records of the corporation.

R. *[signature]* PRESIDENT
~~ROBERT~~ ELIODROMYTIS
*Robinson*

Sworn to before me, this
29TH day of November, 2015

*[signature]*
Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State Of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 20 19

12