

155 2nd STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

*via ECF and*
*via fax to 718-613-2125*

Hon. Ramon E. Reyes, Jr, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

February 28, 2017

<u>Re: *Ramirez v. K&T Provisions, Inc. et al.*, 1:15-cv-05657-PKC-RER</u>

Your Honor,

  The undersigned represents Plaintiff Santiago Ramirez in the above-captioned action. Michael P. Giampilis (counsel for Defendants K&T Provisions, Inc. and Robinson Eliodromytis[1]) and Stephen D. Hans (counsel for Defendant Peter Petratos) have reviewed this letter-motion and consent to its filing.

  The Parties in this action hereby respectfully request the Court's approval of their proposed agreement (the "Agreement"), attached as **Exhibit A** to the undersigned's accompanying declaration ("Almonrode Decl."). The Agreement provides for a payment to Plaintiff of thirty-two thousand dollars ($32,000), including his attorneys' fees and costs. For the reasons set forth below, the Parties submit that the Agreement is fair and reasonable, and that therefore Court approval is warranted.

## BACKGROUND

  Plaintiff Santiago Ramirez filed this action on September 30, 2015, asserting individual claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and N.Y. Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* Plaintiff alleges that Defendants[2] improperly classified him as a "salaried" worker in order to avoid paying him at time-and-a-half for hours worked in excess of forty in a week, as required under both the FLSA and the NYLL; that he was not paid his "spread-of-hours" pay under the NYLL; and that he was

---

[1] Mistakenly named in the complaint as "Robert" Eliodromytis.
[2] Plaintiff worked as a butcher at the K&T Meat Market for approximately 18 years until he was terminated on March 31 2015. Defendant Petratos owned the business until September, 2013. Defendant Eliodromytis has owned the business since then.

not provided with the notices required under NYLL Article 6 § 195(1) and NYCRR § 142-2.7, and is therefore owed the penalties specified in the NYLL.

Based on Plaintiff's recollection of his hours, Plaintiff and his counsel calculated his actual damages at approximately $27,831.00 which, when combined with liquidated damages of approximately $20,271.00 and the penalty amounts owed under NYLL Article 6 § 195(1) and NYCRR § 142-2.7, resulted in a total of $53,102.00, *excluding* attorneys' fees and costs. *See* **Exhibit B** to Almonrode Decl. This calculation was shared with Defense counsel.

Defendants assert that they are not liable to Plaintiff for either the damages or the statutory penalties claimed. However, to avoid the burden, expense, uncertainty, and delay of a trial, counsel negotiated and ultimately arrived at an agreement to settle Plaintiff's claims.[3] The Parties agreed that Defendants would pay a total of $32,000.00: $24,500.00 to Plaintiff, and $7,500.00 to Plaintiff's counsel. Payments are to be made in installments, as described in § 1 of the Agreement.

Plaintiff signed the Agreement on February 10, 2017; Defendants K&T Provisions and Eliodromytis signed on February 13; and Defendant Petratos signed on February 14. Pursuant to § 4 of the Agreement a Notice of Voluntary Dismissal, *see* Exhibit A to Agreement, will be filed upon receipt by Plaintiff's counsel of the final installment payment of the settlement amounts.

## THE AGREEMENT SHOULD BE APPROVED

The Parties represent to the Court that the Agreement: (1) is fair and equitable to all Parties; (2) reasonably resolves a bona fide dispute between the Parties; (3) is the result of arms-length bargaining between counsel for the Parties; (4) contains monetary consideration for the Plaintiff that is both substantively fair and acceptable to the Plaintiff; and (5), together with the Notice of Dismissal (once filed), discontinues the action. The Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims, in exchange for the consideration set forth in the Agreement.

**The Standard**

"FLSA suits cannot be privately settled. In keeping with [the] FLSA's purpose of ensuring workers 'a fair day's pay for a fair day's work,' a settlement in an FLSA case must be approved either by a court or by the Department of Labor." *Villalva-Estrada v. SXB Rest. Corp.*, 14-cv-10011 (AJN), 2016 U.S. Dist. LEXIS 43609, *2-3 (S.D.N.Y. Mar. 20, 2016) (approving individual settlement). "A district court may approve an FLSA settlement between private litigants when the settlement is reached as a result of contested litigation to resolve bona fide disputes. In deciding whether to approve the settlement the court must scrutinize the agreement for fairness. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Kopera v. Home Depot U.S.A., Inc.*, 09 Civ. 8337 (WHP), 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) (approving individual FLSA settlement) (internal citations and quotation marks omitted; citing and quoting *McMahon v.*

---

[3] The Parties participated in a settlement conference with the Court on September 12 and October 4, 2016; those discussions eventually led to the resolution discussed here.

*Olivier Cheng Catering and Events, LLC.* No. 08 Civ. 8713 (PGG), 2010 U.S. Dist. LEXIS 18913, at *15-16 (S.D.N.Y. Mar. 3, 2010)).

In deciding whether to approve an FLSA settlement, "a court should consider the totality of the circumstances." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

> As a number of courts have recognized … the most significant factors include:
>
> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.
>
> Conversely, factors which weigh *against* finding a settlement fair and reasonable include:
>
> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Boyle v. Robert M. Spano Plumbing & Heating, Inc.*, No. 15-CV-2899 (KMK), 2016 U.S. Dist. LEXIS 56126, at *3-5 (S.D.N.Y. Apr. 27, 2016) (approving individual settlement) (citations omitted; citing *Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 U.S. Dist. LEXIS 49286, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 U.S. Dist. LEXIS 61298, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same)); *see also*, *e.g.*, *Calle v. Elite Specialty Coatings Plus, Inc.*, 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 21, 2014) (approving individual FLSA settlement; setting forth similar factors).

Of course, "[w]hen an FLSA settlement includes an allotment of attorney's fees, the court must also evaluate the reasonableness of the fees. This ensures that the agreement is not influenced by conflicts between the interests of counsel and the plaintiff's interest in obtaining the best possible recovery." *Calle,* 2014 U.S. Dist. LEXIS 164069, at *4. "[T]here is a greater range of reasonableness for approving attorney's fees in an individual action where the parties settled on the fee through negotiation." *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08-CV-4377 (KAM), 2010 U.S. Dist. LEXIS 60985, at *15 (E.D.N.Y. May 17, 2010).[4]

---

[4] Indeed, at least one court has held that "[t]he FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action." *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

3

Finally, "there is generally a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Boyle*, 2016 U.S. Dist. LEXIS 56126, at *3-5 (internal quotation marks omitted; quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); citing *Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 U.S. Dist. LEXIS 16366 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 U.S. Dist. LEXIS 151144 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 U.S. Dist. LEXIS 117738 (S.D.N.Y. Aug. 20, 2013) (same)).

**The Agreement is Fair and Reasonable, and Should be Approved**

Although Defendants continue to deny Plaintiff's allegations, all Parties wish to avoid the burden, expense, and delay of a trial, and so acknowledge their shared desire for a prompt settlement. *See Goett v. VI Jets Int'l, Inc.,* 14cv8256 (MHD), 2015 U.S. Dist. LEXIS 77263 (S.D.N.Y. Apr. 22, 2015) (approving individual settlement "reflecting the legitimate concerns of both sides to avoid time-consuming and potentially expensive litigation burdens, as well as plaintiff's desire to put this matter behind him"); *see also Reyes v. Buddha-Bar NYC,* No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *8 (S.D.N.Y. May 28, 2009) (approving settlement and noting that "the value of an immediate recovery" can outweigh "the mere possibility of further relief" after continued litigation) (class settlement).

Plaintiff brought his complaint solely on his own behalf, and thus the settlement resolves only individual claims, lessening somewhat the need for the Court to scrutinize the settlement closely. *See Kopera,* 2011 U.S. Dist. LEXIS 71816, at *3 ("[B]ecause the settlement agreement impacts [the individual plaintiff] only … there is not the same level of concern over the procedural and substantive fairness of the agreement as with the settlement of class litigation.").

The Parties respectfully suggest that all of the non-exclusive factors set out by Judge Karas in *Boyle* should incline the Court towards approval of the Agreement – or, at the very least, that none of the factors militate *against* approval.

### *The Plaintiff's range of possible recovery*

Here, Plaintiff calculated his actual damages at approximately $27,831.00 which, when combined with liquidated damages of approximately $20,271.00 and the penalty amounts owed under NYLL Article 6 § 195(1) and NYCRR § 142-2.7, resulted in a total of $53,102.00, excluding attorneys' fees. *See* **Exhibit B** to Almonrode Decl. Defendants contest Plaintiff's recollection as to the total hours he worked, and have produced certain timesheets, purportedly signed by Plaintiff, showing considerably fewer hours worked than Plaintiff now claims. Plaintiff in turn argues that the timesheets are forgeries. Obviously, Plaintiff's recovery would vary significantly depending on how questions as to the authenticity of these timesheets might be resolved at trial.

In addition to the range of a plaintiff's recovery, a court should consider a defendant's ability to *pay* that recovery. Here, Defendant Petratos (the former owner of the business at which Plaintiff worked) has produced evidence that he is living on a modest fixed income, and

4

Defendants K&T Provisions and Eliodromytis (the current owner) have asserted that the business is struggling to maintain profitability. Plaintiff has accepted these representations.

Under the Agreement, Plaintiff will personally receive $24,500.00 – slightly less than half (46%) of his estimated maximum possible recovery. Given the uncertainties that all Parties would face if this matter were to go to trial, and given the difficulty Defendants would have in withstanding a larger judgment, the Parties submit that this factor weighs in favor of approval. In fact, where similar considerations have been present, federal courts in New York have approved settlements where the plaintiff receives less than half of his or her estimated maximum possible recovery. *See*, *e.g.*, *Villalva-Estrada v. SXB Rest. Corp.*, No. 14-cv-10011 (AJN), 2016 U.S. Dist. LEXIS 43609, at *3 (S.D.N.Y. Mar. 30, 2016) 3 (approving FLSA settlement for "47% of [plaintiff's] maximum possible recovery, *i.e.*, 100% of his unpaid wages and 22% of the possible statutory and liquidated damages"); *Goett*, 2015 U.S. Dist. LEXIS 77263 (approving FLSA settlement for 48% of maximum recovery); *Beckert v. Roni Rubinov*, No. 15-CV-1951, 2015 U.S. Dist. LEXIS 167052 (S.D.N.Y. Dec. 14, 2015) (approving individual FLSA settlement for only 25.8% of maximum possible recovery; noting a lack of documentation and "conflicting witness support").

***The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses, and the seriousness of the litigation risks faced by the parties***

Any trial of this matter would require the use of experts to resolve the questions as to the authenticity of the timesheets. This alone would entail significant litigation risk and significant expense, on top of the normal risks and expenses of trial. The Agreement enables the Parties to avoid these risks and expenses.

***Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel, and the possibility of fraud and collusion***

As further explained in the Almonrode Decl., Plaintiff's counsel are experienced attorneys who specialize in FLSA cases. Mr. Almonrode is admitted to practice in New York State and the Eastern and Southern Districts of New York, and is or has been counsel of record in at least twenty such matters. Mr. Brown is admitted to practice in several states and has twenty years' experience handling FLSA cases, in federal courts all over the country.

Defense counsel are similarly experienced:

- Michael P. Giampilis, counsel for Defendants K&T Provisions, Inc. and Robinson Eliodromytis, has been practicing law for 15 years, with a focus on commercial litigation and transactional law, contract law, construction law, real estate law, labor law, personal injury, and wills and estate work. *See* Almonrode Decl.

- Stephen D. Hans, counsel for Defendant Peter Petratos, has been practicing law for over 35 years, and for more than 30 of those years has focused on employment and labor defense. He has represented employers before the courts of both the Eastern and Southern Districts of New York, as well as the courts of New York State, the U.S. Department of Labor, the NYS Division of Human Rights, the EEOC, and a variety

5

of other municipal and federal agencies involving employment and labor law claims by employees. He has represented restaurants, construction companies, retail businesses and other employers throughout the New York City metropolitan area. *See* Almonrode Decl.

Counsel negotiated the Agreement at arm's length, with the considerable assistance of the Court, and they affirm that the Agreement is not tainted by fraud or collusion.

### *The desirability of a mature record*

Although no depositions have been taken, the record in this matter is adequate to give the Parties the ability to fairly assess the strengths and weaknesses of their positions. *Cf. Beckert*, 2015 U.S. Dist. LEXIS 167052 at *4-5. This weighs in favor of approval. *Cf. Wolinsky*, 900 F. Supp. 2d at 336 (noting that *lack* of "a mature record" could "weigh against approving a settlement"). Defendants produced the timesheets described above, which would have formed the basis of their case at trial. Thus, the Parties entered into the Agreement at a point where each was able to make a reasonable cost/benefit analysis. This factor weighs strongly in favor of approval.

Given all of the factors recited above and under "the totality of the circumstances," *Wolinsky*, 900 F. Supp. 2d at 335, the Parties respectfully request Court approval of the award to Plaintiff under the Agreement.

### **The Award to Plaintiff's Counsel Should Also be Approved**

As is typical in FLSA cases, the attorneys' fees requested here "were entirely contingent upon success." *See Damassia v. Duane Reade, Inc.*, 04 Civ. 08819 (GEL); 04 Civ. 02295 (GEL), 2009 U.S. Dist. LEXIS 77489, at *9 (S.D.N.Y. July 27, 2009) (class settlement). Counsel "risked time and effort and advanced costs and expenses, with no ultimate guarantee of [any] compensation" whatsoever. *Id.*

Attorneys' fees may be calculated as a percentage of the overall recovery, or as "the product of a reasonable hourly rate [for each timekeeper] and the reasonable number of hours" expended by that timekeeper on the case – the so-called "lodestar." *Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 U.S. Dist. LEXIS 11351, at *6-7 (citing *McDaniel v. Cty of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)).

The percentage method promotes early resolution by giving a plaintiff's lawyer confidence that he will be compensated for his work – and thereby removing an incentive a plaintiff's lawyer might otherwise have to run up his billable hours, "one of the most significant downsides of the [alternative] lodestar method." *Johnson v. Brennan*, 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at *41-42 (S.D.N.Y. Sept. 16, 2011) (class settlement). The percentage method also preserves judicial resources, "because it relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions" and of having "to engage in a gimlet-eyed review of line-item fee audits." *Id.,* at *43 (citing *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 48-49 (2d Cir. 2000) (class settlement)). Even so, courts typically compare a percentage award to counsel's lodestar-plus-expenses as a "cross check." *Id.*, at *43-44.

6

Here, counsel will receive less than one-quarter (23.4%) of the total recovery, even though fees in the range of one-third (33.3%) are "routinely approved by courts in this Circuit," *Rangel v. 639 Grand St. Meat & Produce Corp.* 2013 U.S. Dist. LEXIS 134207, at *4 (Sept. 19, 2013) (approving one-third fee arrangement in an individual settlement),[5] and even though the retainer agreement between Plaintiff and counsel specifies that counsel are entitled to *the greater of* one-third of the award *or* counsel's lodestar plus expenses.

Here, the lodestar-plus-expenses figure for Plaintiff's counsel is $15,030.44, comprised of $14,380.00 in fees and $650.44 in expenses.[6] *See* **Exhibit C** to the Almonrode Decl. Thus, the $7,500.00 awarded to Plaintiff's counsel under the Agreement is approximately half (49.8%) of counsel's actual lodestar-plus-expenses.

**Patrick S. Almonrode** was the primary timekeeper for Plaintiff's counsel. Mr. Almonrode is an associate at the JTB Law Group, a 2004 *cum laude* graduate of Fordham Law School, and a former clerk to the Hon. Barbara S. Jones, USDJ-SDNY (now in private practice). *See* Almonrode Decl. Mr. Almonrode's time is billed at $325 per hour, which is within the range of reasonable hourly rates for senior associates in this district. *See Santos v. Yellowstone Props.* 2016 U.S .Dist. LEXIS 61994, at *11-12 (S.D.N.Y. May 10, 2016) (approving rate of $325 per hour for an attorney with eight years' experience); *Siegel v. Bloomberg L.P.*, No. 13 Civ. 1351 (DF), 2016 U.S. Dist. LEXIS 38799 (S.D.N.Y. Mar. 22, 2016) (collecting cases and noting prevailing rates of $285 to $350 for associates with more than eight years' experience).

Mr. Almonrode was the lead attorney for day-to-day matters; he was the author of the complaint, discovery requests and responses; he attended all conferences in the case, as well as numerous meetings with his client; and he drafted the instant Agreement and negotiated its terms with counsel for the Defendants. Plaintiff submits that the 39.0 hours Mr. Almonrode expended on these various tasks were necessary and reasonable.

**Jason T. Brown**, principal of the JTB Law Group, was the second attorney-timekeeper on this matter. Mr. Brown obtained his J.D. in 1996 from Rutgers School of Law-Camden. Mr. Brown has more than 20 years of experience litigating FLSA cases. *See* Almonrode Decl. Mr. Brown's time is billed at $500 per hour for this matter (although he has billed and has been approved for up to $600 per hour), which is within the range of prevailing rates in this district for partners working on FLSA cases. *See Siegel*, 2016 U.S. Dist. LEXIS 38799 (S.D.N.Y. Mar. 22, 2016) (collecting cases and noting prevailing rates of $450 and above for highly experienced counsel); *Coakley v. Webb*, 14 Civ. 8438 (ER), 2016 U.S. Dist. LEXIS 30780, *17 (S.D.N.Y. Mar. 9, 2016) (hourly rate of $575 reasonable for a solo practitioner with 30 years of experience); *Lora v. J.V. Car Wash, Ltd.*, 11 Civ. 9010 (LLS) (AJP), 2015 U.S. Dist. LEXIS 99444, *20 (S.D.N.Y. July 24, 2015) ("recent decisions in this Circuit approve hourly rates of $500 or more for experienced employment litigators").

---

[5] *See also Calle,* 2014 U.S. Dist. LEXIS 164069, at *4 (same); *Meigel v. Flowers of the World, NYC, Inc.*, 11 Civ. 465 (KBF), 2012 U.S. Dist. LEXIS 2359 (S.D.N.Y. Jan. 9, 2012) (same).

[6] These numbers include time and expenses through February 14, 2017, the last date on which any Party executed the Agreement, and they reflect the considerable exercise of billing judgment (for instance, travel between counsel's office in Jersey City and the Brooklyn Court is not billed, nor are numerous unsuccessful attempts by counsel to reach either the Plaintiff or Defense counsel by email and telephone). The numbers also do not include time spent preparing the instant motion.

Mr. Brown was the final decision-maker for Plaintiff's counsel in this matter. He supervised Mr. Almonrode and, as designated trial counsel he kept abreast of all developments in the case. Mr. Brown expended 1.1 hours on these various tasks, which Plaintiff submits is reasonable.

Two administrative assistants, **Rebecca Reyes** and **Esmeralda Pereyra**, also billed time in this matter. Ms. Reyes attended the two sessions of the settlement conference with the Court, and Ms. Pereyra interpreted for Mr. Almonrode during a call to discuss the terms of the settlement. Both Ms. Reyes and Ms. Pereyra billed their time at $150 per hour. Plaintiff submits that their rate and the time they expended are reasonable.

The JTB Law Group also advanced $650.44 in expenses, including the filing fee for the complaint and the fee for service on Defendants, postage, and working meals with the client. Plaintiff submits these expenses are reasonable. The expenses and the lodestar together add up to $15,030.44 – approximately *twice* the actual award to counsel under the Agreement.

And of course, by signing the Agreement, Plaintiff approved the award to his counsel, a fact that certainly favors a finding of reasonableness. *See Mireku v. Red Visions Sys., Inc.*, 11 Civ. 9671 (RA) (JLC), 2013 U.S. Dist. LEXIS 172102, at *10 (S.D.N.Y. Dec. 6, 2013) (approving fee *slightly larger than plaintiff's portion* of the total recovery, noting that "the fee award here is consensual"); *see also Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) (noting that where, as here, there is no evidence of conflict or antagonism between plaintiff and attorney, "the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation").

Given these factors, the Parties respectfully request Court approval of the award to Plaintiff's counsel.

## CONCLUSION

The Parties here negotiated a settlement in the total amount of $32,000.00 This amount takes into account, in particular, (1) the considerable difficulty Defendants would have in paying a larger amount, and (2) the uncertainty that both Parties would face as to damages if the matter were to be tried. Under their negotiated Agreement, Plaintiff receives $24,500.00, which is more than two-thirds of the total, and, with Plaintiff's consent, his counsel are awarded $7,500 for their reasonable fees and expenses – a 50% discount from the fees and expenses actually incurred. For all of the foregoing reasons, the Parties submit that this settlement is equitable and just, and they respectfully request that the Court approve the Agreement.

Respectfully submitted,

/s/ Patrick S. Almonrode

Patrick S. Almonrode, Esq.
JTB Law Group, LLC
*Attorneys for Plaintiff*

8