**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SANTIAGO RAMIREZ**, | |
| Plaintiff, | **Docket No.: 15-cv-05657-PKC-RER** |
| v. | |
| **K & T PROVISIONS, INC.**, d/b/a **K & T MEAT MARKET**, **PETER PETRATOS**, and **ROBERT ELIODROMYTIS**, | |
| Defendants. | |

<u>**DECLARATION OF PATRICK S. ALMONRODE**</u>

I, **PATRICK S. ALMONRODE**, declare as follows:

1.      I am over 18 years of age. I have personal knowledge of the matters stated herein. If called upon to testify before this Court, I would and could do so.

2.      I have worked as an Associate for the JTB Law Group, LLC from February 2015 through the present. I have been the lead attorney for day to day matters related to this action from its inception.

3.      Throughout this action, Plaintiff's counsel has worked without compensation, on a contingency basis.

4.      The Parties to this action have concluded a settlement agreement (the "Agreement"), a true and correct copy of which is attached hereto as **Exhibit A**.

5.      Consistent with the Agreement, Plaintiff Santiago Ramirez and JTB Law Group have agreed that of the $32,000 settlement amount, JTB Law Group is entitled to $7,500.00 for attorneys' fees and reimbursement of litigation costs.

6.      Attached hereto as **Exhibit B** is a true and correct copy of the damages model developed by Plaintiff's counsel, showing damages (actual, liquidated, and statutory) estimated at $53,102.83, excluding attorneys' fees and costs.

7.      Attached hereto as **Exhibit C** is a true and correct copy of the JTB Law Group's time and expense records for this matter. As set forth therein, the JTB Law Group has expended 46.8 hours litigating this case, after the considerable exercise of billing judgment, and has advanced $440.66 in expenses.

8.      I have been the primary timekeeper for the JTB Law Group on this matter. I obtained my J.D. *cum laude* from the Fordham University School of Law in 2004, and am admitted to practice in New York State and the Eastern and Southern Districts of New York. Before joining the JTB Law Group, I worked as an Associate in the firms of Kronish Lieb Weiner and Helman (now Cooley Godward Kronish) and Patterson Belknap Webb & Tyler, and as a Staff Attorney at the non-profit law firm Children's Rights. I also served for one year as a Law Clerk to the Hon. Barbara S. Jones, USDJ (S.D.N.Y.), who is now in private practice.

9.      As an Associate for the JTB Law Group, I currently serve or have served as counsel of record for at least the following twenty FLSA cases:

    a.  *Flores v. Texcale Inc.*, *et al.*, 1:15 CV 01846 (S.D.N.Y.);
    b.  *Velasquez v. SAFI-G Inc.*, 1:15-cv-03068 (S.D.N.Y.);
    c.  *Lopez v. Millennium Car Wash et al.*, 2:14-cv-01709 (E.D.N.Y.);
    d.  *Cardona v. Restaurante El Gran Conquistador*, 7:15-cv-03943 (S.D.N.Y.)
    e.  *Drummond et al v. Hartford Financial Services Group, Inc. et al.*, 3:14-cv-01837 (D. Conn.);

    f.   *North v. ATCO Structures & Logistics (USA) Inc.*, 4:15-cv-01417 (S.D. Tex.);

    g.  *Guevara v. Washington Street Ale House, et al.*, 1:15-cv-00409 (D. Del.);

    h.  *Padilla v. Sheldon Rabin, M.D., P.C., et al.*, 1:15-cv-01708 (S.D.N.Y.);

    i.   *Castillo Ontiveros v. Khowaja, et al.*, 1:15-cv-05336 (N.D. Ill.);

    j.   *Yunda v. SAFI-G Inc., et al.*, 1:15-cv-00861 (S.D.N.Y.);

    k.  *Magdaleno Soriano v. Krish-R, Inc., et al.*, 2:15-cv-00873 (M.D. Ala.);

    l.   *Taylor v. DPB Development, Inc., et al.*, 1:16-cv-00037 (W.D.N.C.);

    m.  *Ramos v. Petco*, 4:16-cv-00767 (S.D. Tex);

    n.  *Maturin, et al. v. Nature Works, et al.*, 6:16-cv-00715 (W.D. La.);

    o.  *Rivera Castillo et al. v. Total Development et al.*, 1:16-cv-02151 (D. Colo.);

    p.  *Waller et al. v. Capstone Logistics, LLC*, 4:16-cv-00064 (W.D.V.A.);

    q.  *Gonzalez et al. v. Stallone & DeMeglio, LLC et al.*, 7:16-cv-09450 (S.D.N.Y.);

    r.   *Lima et al v. Jonmaros Food Corp. et al.*, 7:17-cv-00617 (S.D.N.Y.);

    s.   *Inneo v. Blue Peach Café, et al.*, 3:17-cv-00608 (D. N.J.); and

    t.   *Allen v. A.R.E.B.A-Casriel, Inc., et al.*, 1:17-cv-00764 (S.D.N.Y.).

10.    My work on the instant matter included, but was not limited to:

    a.  interviewing Mr. Ramirez and investigating his claims[1];

    b.  writing the complaint;

    c.  attending court conferences;

    d.  propounding discovery requests, and responding to Defendants' discovery requests;

    e.  developing Mr. Ramirez damage model; and

    f.  drafting and negotiating the instant Agreement.

11.    Attorney Jason T. Brown, the second timekeeper in this matter, is the principal of the JTB Law Group, LLC, and the firm's senior litigator. Mr. Brown graduated from Rutgers School of Law-Camden, and has been practicing law for twenty years, since 1996, often handling complex civil ligation and class actions with many wage and hour class and collective actions certified and successfully settled. Mr. Brown also served as a Legal Advisor and Special Agent for the FBI. He

---

[1] I am fluent in Spanish.

has successfully litigated wage and hour actions nationwide as lead counsel, with each case having its own level of complexity, including, to name a few, *Eshelman, et al. v. Client Services, Inc., et al.,* No. 0822-CC-00763 in the Twenty-Second Judicial District of the Missouri Circuit Court, *Miller, et al. v. Aon Risk Services Companies, Inc., et al.,* No. 1:08-cv-05802 in the United States District Court, Northern District of Illinois, *Lambert, et al. v. Sykes Enterprises, Incorporated,* No. 4:11-cv-00850-BSM in the United States District Court, Eastern District of Arkansas, and *Orakwue, et al. v. Selman Associates, Ltd, et al.,* No. 7:13-cv-00052-RAJ in the United States District Court, Western District of Texas.

12.     Esmeralda Pereyra and Rebecca Reyes, both of whom also entered time in this matter, are administrative assistants for the JTB Law Group, LLC. Both Ms. Pereyra and Ms. Reyes are native speakers of Spanish, and both served at various times as interpreters in this matter.

13.     Counsel for the Defendants in this matter are both experienced litigators:

    a.  Michael P. Giampilis is counsel for Defendants K&T Provisions, Inc. and Robinson Eliodromytis. According to his LinkedIn profile,[2] and as confirmed by him, Mr. Giampilis has been practicing law for 15 years, with a focus on commercial litigation and transactional law, contract law, construction law, real estate law, labor law, personal injury, and wills and estate work.

    b.  Stephen D. Hans is counsel for Defendant Peter Petratos. According to his firm's website,[3] and as confirmed by him, Mr. Hans has been practicing law for over 35 years, and for more than 30 of those years has focused on employment and labor defense. He has represented employers before the courts of both the Eastern and Southern Districts of New York, as well as the courts of New York State, the U.S. Department of Labor, the NYS Division of Human Rights, the EEOC, and a variety of other municipal and federal agencies involving employment and labor law claims by employees. He has represented restaurants, construction companies, retail businesses and other employers throughout the New York City metropolitan area.

14.     The Agreement in this matter was negotiated at arm's length, through in-person meetings and several email exchanges of drafts with Defendants' counsel.

---

[2] https://www.linkedin.com/in/michael-giampilis-5b236141/.
[3] https://hansassociates.com/attorney-profile/.

15.    The Agreement is not tainted by fraud or collusion.

16.    I declare under penalty of perjury that the foregoing statements are true and accurate.

Date: February 28, 2017

_____
Patrick S. Almonrode

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is between Santiago Ramirez, on the one hand ("Releasor"); and K&T Provisions, Inc. d/b/a K & T Meat Market ("K&T"), Peter Petratos, and Robert Eliodromytis, on behalf of (as applicable) themselves, their successors, predecessors, assigns, heirs, divisions, subsidiaries, parents, and affiliates, and their officers, directors, partners, agents, current and former employees, assignees, fiduciaries, heirs, executors, benefit plans, administrators, beneficiaries and trustees (collectively, "Releasees").

WHEREAS, differences have arisen between the parties; and

WHEREAS, the parties desire to avoid further litigation and controversy as well as to fully settle and compromise all claims, including all claims that were asserted or could have been asserted by Releasor including all claims arising out of or relating to his employment with Releasees, and that were asserted or could have been asserted in the lawsuit captioned *Santiago Ramirez v. K&T Provisions, Inc.,* et al., Case No. 15-cv-05657, currently pending in the Federal District Court for the Eastern District of New York (the "Litigation").

Intending to be legally bound and in consideration of the following terms, conditions, covenants, and promises as set forth in this Agreement, Releasor and Releasees hereby agree to the following terms:

**1.     Consideration.**

Releasees agree to pay a total of $32,000.00 (the "Settlement Payment"). Of this sum, K&T and Eliodromytis agree to pay $12,000.00, and Petratos agrees to pay $20,000.00.

The Settlement Payment is to be allocated as follows:

(a)     $12,250.00, less appropriate W4 withholdings, payable to Releasor and to be reported on IRS Form W2;

(b)     $12,250.00, payable to Releasor and to be reported on IRS Form 1099; and

(c)     $7,500.00, payable to the JTB Law Group, LLC ("JTB"), attorneys for Releasor, for its reasonable fees and expenses, and to be reported on IRS Form 1099.

Releasor will deliver to Releasees' counsel a current IRS Form W4, and JTB will deliver to Releasees' counsel a current IRS Form W9, upon receipt by JTB of a copy of this Agreement signed by Releasees.

1

The Settlement Payment shall be payable in installments, as follows:

*Payments by K&T and Eliodromytis:*

(a)   **Three installments,** payable on the first business day of each of May, August, and November 2017, allocated as follows and delivered to Releasor's counsel as specified below:

    i.   One check in the amount of $1,1500.00, less appropriate W4 withholdings, payable to Releasor and to be reported on IRS Form W2;

    ii.   One check in the amount of $1,150.00, payable to Releasor and to be reported on IRS Form 1099; and

    iii.   One check in the amount of $700.00, payable to JTB and to be reported on IRS Form 1099.

(b)   **Final installment,** payable on the first business day of February 2018, allocated as follows and delivered to Releasor's counsel as specified below:

    i.   One check in the amount of $1,143.75, less appropriate W4 withholdings, payable to Releasor and to be reported on IRS Form W2;

    ii.   One check in the amount of $1,143.75, payable to Releasor and to be reported on IRS Form 1099; and

    iii.   One check in the amount of $712.50, payable to JTB and to be reported on IRS Form 1099.

*Payments by Petratos:*

(c)   **Six installments,** payable on the fifteenth day, or the first business day immediately thereafter, of each of March, June, September and December 2017, and March and June 2018, allocated as follows and delivered to Releasor's counsel as specified below:

    i.   One check in the amount of $1,100.00, less appropriate W4 withholdings, payable to Releasor and to be reported on IRS Form W2;

    ii.   One check in the amount of $1,100.00, payable to Releasor and to be reported on IRS Form 1099; and

    iii.   One check in the amount of $650.00, payable to JTB and to be reported on IRS Form 1099.

(d)     **Final installment**, payable on the seventeenth day of September 2018, allocated as follows and delivered to Releasor's counsel as specified below:

    i.    One check in the amount of $1,056.25, less appropriate W4 withholdings, payable to Releasor and to be reported on IRS Form W2;

    ii.    One check in the amount of $1,056.25, payable to Releasor and to be reported on IRS Form 1099; and

    iii.    One check in the amount of $787.50, payable to JTB and to be reported on IRS Form 1099.

Delivery of all payments shall be via FedEx, to:

> The JTB Law Group, LLC
> 155 2nd Street, Suite 4
> Jersey City, NJ 07302
> Attn.: Patrick S. Almonrode, Esq.

## 2.     Tax Considerations.

Releasees agree to timely remit the amounts withheld from Releasor's payments to the appropriate state and federal taxing agencies. However, Releasees make no representation to Releasor or his counsel as to Releasor's tax liability, if any, with respect to the Settlement Payment. Releasor agrees that he shall be fully and solely responsible for any and all tax liabilities with respect to the Settlement Payment. In the event that any federal, state or local taxing authority or other government entity later determines that Releasor has any unpaid tax liability on the Settlement Payment, in consideration for the payment of the Settlement Payment by Releasees and the other consideration specified herein, Releasor hereby agrees to fully indemnify and hold Releasees harmless from any and all tax consequences, fines, liabilities or other legal obligations arising from such unpaid taxes, penalties and/or interest and for any alleged failure to withhold taxes or other deductions required by law. In the event that any federal, state or local taxing authority seeks to collect from Releasees taxes or interest which would have been collectable from Releasor, Releasor hereby agrees to immediately reimburse Releasees for such taxes or interest.

The parties agree and acknowledge that the Settlement Payment will represent the full and final payment of all amounts owed to Releasor by Releasees, and that Releasor will be entitled to no other compensation or benefits from Releasees. Releasor acknowledges that, with the receipt of the consideration set forth in this paragraph, he will have been paid all wages (including but not limited to overtime) he earned at any time during his employment with Releasees through the date signed below.

3

3.     **Approval of Settlement.**

Upon receipt of a copy of this Agreement executed by Releasees, or as soon as practicable thereafter, Releasor's counsel shall draft and file a motion seeking Court approval of the Settlement. Releasees' counsel agree to cooperate to the extent necessary in the filing and drafting of said motion, and agree not to oppose said motion. Releasees' counsel further agree to cooperate fully in making any changes to this Agreement that the Court may require in order to approve the Settlement.

4.     **Dismissal of Litigation.**

Releasor agrees, through his counsel, to file a notice of voluntary dismissal of the claims against each Releasee, substantially similar to the notice attached hereto as Exhibit A, immediately upon receipt by his counsel of the final installment payment from that Releasee.

5.     **No Other Charges, Grievances or Lawsuits.**

Releasor represents and warrants that, other than the Litigation, he has no charges, lawsuits, grievances or other complaints currently pending against Releasees. To the extent any charges, lawsuits, grievances or other complaints against Releasees on his behalf exist, Releasor will immediately dismiss such actions with prejudice, with all parties to bear their own costs and attorney's fees. To the extent any charges, grievances or complaints are filed on his behalf by any agency or labor organization, Releasor acknowledges he is due and will accept no remediation including, but not limited to, wages, backpay, and reinstatement.

6.     **General Release.**

In exchange for the consideration set forth in Section 1 and elsewhere in this Agreement, Releasor fully and completely waives, releases, and forever discharges Releasees from any and all judgments and any and all claims, known or unknown, against Releasees from events occurring on or before the date of this Agreement, including, but not limited to, the following:

(a)     any and all claims, allegations, causes of action, demands, damages, costs, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered on account of, or in any way growing out of Releasor's employment with Releasees, Releasor's separation from employment, any issue raised in the Litigation, and/or any other occurrence, whether known or unknown;

(b)     any and all claims under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act ("ADEA"), the National Labor Relations Act, the Equal Pay Act, the Rehabilitation Act of 1973, the Family & Medical Leave Act, the Americans with Disabilities Act, and any other federal, state, or local constitution, statute, order (including executive orders), or regulation, and any municipal ordinance;

4

(c)     any and all claims arising under common law, including but not limited to breach of contract (express or implied), any tort, intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, stemming from Releasor's applications for employment by Releasees and/or any other occurrence; and

(d)     any and all claims, including claims for short-term or long-term disability benefits, under the Employee Retirement Income Security Act, or any other applicable law.

**RELEASOR UNDERSTANDS THAT THIS SETTLEMENT AND RELEASE AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS THAT HE MAY HAVE AGAINST RELEASEES AS OF THE DATE OF THIS AGREEMENT.**

The parties understand and acknowledge that the waivers and releases contained in this Agreement are essential and material terms of this Agreement and that no agreement could have been reached without them.

### 7.     Rights and Claims Excluded from Release.

Excluded from the general release in this Agreement are any rights and claims that Releasor cannot waive as a matter of law and any claim over a breach of this Agreement.

### 8.     Non-Admission of Liability.

In entering into this Agreement, Releasees do not admit any allegations made on Releasor's behalf, and Releasees specifically deny any wrongdoing or liability. Nothing contained in this Agreement shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order, or contract of any kind, and this Agreement shall not be admissible in any proceeding except one instituted by either party alleging a breach of this Agreement.

### 9.     Mutual Non-Disparagement; Neutral Reference.

The parties agree to not defame, disparage or demean each other in any manner whatsoever. No party shall make any statement or disclosure to anyone, or any oral or written statement relating to any other party, including, but not limited to, anything that is or could be seen as discriminatory, harassing, degrading or embarrassing to the party.

If contacted for a reference as to Releasor by any bank, realtor, business association, or current or prospective employer, Releasees agree to disclose *only* Releasor's dates of employment, his position(s) while employed, and his rate(s) of pay. **The Parties expressly agree not to disclose to any person or entity the fact that Releasor brought the Litigation referenced herein, or the fact of or terms of this Agreement.**

5

10.    **Confidentiality.**

(a)    Releasor agrees that neither he nor any person acting by, through, under, or in concert with him will at any time hereinafter disclose any information regarding the substance of the complaint, the terms, conditions or existence of this Agreement, or any fact concerning its negotiation, execution, or implementation, to any person or entity, including the press and media, any current or former employees of K&T (or any affiliated or related company), anyone who has worked at K&T (or any affiliated or related company), actual or prospective employers, and other members of the public in any other capacity. Notwithstanding the above, Releasor may reveal information concerning this Agreement to: (i) his spouse; (ii) his attorney within the scope of representation by such attorney; (iii) accountants and/or tax advisors in order to obtain professional advice within the scope of representation by such accountant and/or tax advisor; and (iv) any person to whom he is required by process of law to reveal such information.

(b)    The Parties acknowledge and agree that this confidentiality/non-disclosure provision is a material and absolute condition of this Agreement. If Releasor is found by a court of competent jurisdiction to have violated this confidentiality/non-disclosure provision, Releasor shall be liable to Releasees for damages, if any, determined by the court. The prevailing party in the case shall recover all court costs and reasonable attorneys' fees said prevailing party expends. Any recovery of monies under this paragraph shall not otherwise affect the enforceability of this Agreement or of other individual promises contained in this Agreement.

(c)    If Releasor is ever asked about this matter, this Agreement or the settlement of his claims in this matter, he will say only that the matter was resolved amicably and that he is not allowed to comment further on the matter.

11.    **Breach and Cure.**

If any payment set forth in Section 1, above, is not received by JTB as of its due date, JTB shall promptly notify that Releasee's counsel of such overdue payment, by email to Michael Giampilis, counsel for K&T and Eliodromytis, at mgiampilis@giampilislaw.com, or to Stephen Hans, counsel for Petratos, at shans@hansassociates.com, and by USPS Priority Mail letter to Michael Giampilis at 94 Willis Ave, Mineola, NY 11501, or Stephen Hans at 45-18 Court Square, Suite 403, Long Island City, NY 11101. **If the payment is not then received by JTB before the end of the tenth business day following the day on which such notification was received by that Releasee's counsel, all payments then remaining under this Agreement shall become immediately due and payable by that Releasee.**

12.    **No Waiver.**

A failure by any party to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any

one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

### 13.   Severability.

The parties agree that if any portion of this Agreement, other than the general release in section 6, above, is found to be unenforceable or prohibited, the remainder of the Agreement shall not be affected and shall remain in full force and effect.

### 14.   Effective Date.

This Agreement will become effective on the date both parties have received a copy of this Agreement executed by the other party.

### 15.   Assigns.

This Agreement shall be binding upon, and inure to, the benefit of the parties and their successors and assigns.

### 16.   Complete Understanding.

Releasor agrees that this Agreement constitutes the complete understanding between the parties and supersedes any written or oral understandings. No other promises or agreements either express or implied, shall be binding between Releasor and Releasees unless signed in writing by all parties.

### 17.   Copies.

Any photocopy of the executed original or of any counterpart shall be deemed to be an original for any and all purposes. The parties also agree that the executed Agreement may be delivered to the other parties by facsimile transmission and/or as an attachment to an email, which facsimile or attachment shall be deemed an original copy.

### 18.   Voluntary Agreement

Releasor represents and agrees that:

(a)    He is not suffering from any impairment that would render him incapable of considering and understanding the terms of this Agreement, and is fully able to consider and understand the terms of this Agreement, all of which have been interpreted and explained to him;

(b)    He has signed this Agreement freely, voluntarily and without duress;

(c)    No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce him/her to enter into this Agreement;

7

(d)     He has been consulted with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before signing.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT THIS AGREEMENT HAS BEEN INTERPRETED TO HIM, THAT HE UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**AGREED TO BY:**

_Santiago Ramirez_  Date: _02/10./17_
Santiago Ramirez

K&T Provisions, Inc.

_____

By: _____          Date: _____
        (print name)

_____          Date: _____
        Robert Eliodromytis

_____          Date: _____
        Peter Petratos

8

(d)    He has been consulted with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before signing.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT THIS AGREEMENT HAS BEEN INTERPRETED TO HIM, THAT HE UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**AGREED TO BY:**

_____          Date: _____
     Santiago Ramirez


K&T Provisions, Inc.


By: Robinson Eliodromytis       Date: 2-13-17
        (print name)


_____          Date: 2-13-17
     Robert Eliodromytis


_____          Date: _____
     Peter Petratos

8

(d) He has been consulted with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before signing.

BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT THIS AGREEMENT HAS BEEN INTERPRETED TO HIM, THAT HE UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.

AGREED TO BY:

_____     Date: _____
Santiago Ramirez

K&T Provisions, Inc.


_____
By: _____     Date: _____
(print name)


_____     Date: _____
Robert Eliodromytis

_____     Date: 2-14-17
Peter Petratos

8

# EXHIBIT A

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

SANTIAGO RAMIREZ,

               Plaintiff,

    v.

K & T PROVISIONS, INC.,
d/b/a **K & T MEAT MARKET**,
**PETER PETRATOS**, and
**ROBERT ELIODROMYTIS**,

            Defendants.

**Docket No.: 15-cv-05657**

## STIPULATION OF DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS AGAINST [DEFENDANT] PURSUANT TO RULE 41 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**PLEASE TAKE NOTICE** that Plaintiff Santiago Ramirez and [Defendants K&T Provisions, Inc., Peter Petratos, and Robert Eliodromytis], pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, hereby stipulate to the dismissal with prejudice of the claims against [Defendant] in the above-captioned action. In support of this stipulation, the Parties represent:

1. The Parties have a *bona fide* dispute regarding the merits of Plaintiff's claims.

2. The Parties desire to fully and finally resolve their dispute without the expense of further litigation. To that end, the Parties have entered into a settlement agreement and release (the "Agreement"), which was approved by the Court on _____.

10

3.     As part of that Agreement, the Parties agreed to enter into and file a stipulation dismissing the claims against each Defendant upon receipt by Plaintiff's counsel of the final installment payment by that Defendant of his/its part of the settlement.

4.     The final payment of [Defendant] having been received, the Parties now stipulate to the dismissal with prejudice of the claims against [Defendant], pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

**WHEREFORE**, the Parties respectfully request that this Court dismiss the claims against [Defendant] with prejudice.

Dated: _____

**JTB LAW GROUP, LLC**

By: */s/ Patrick S. Almonrode*
Patrick S. Almonrode
155 Second St., Suite 4
Jersey City, NJ 07302

*Attorneys for Plaintiff*

[as appropriate]

**LAW OFFICES OF MICHAEL P. GIAMPILIS, P.C.**

By: */s/ Michael Giampilis*
Michael Giampilis
94 Willis Ave
Mineola, NY 11501

*Attorneys for K&T Provisions, Inc. and Robert Eliodromytis*

**STEPHEN D. HANS & ASSOCIATES**

By: */s/ Stephen D. Hans*
Stephen D. Hans
45-18 Court Square, Suite 403
Long Island City, NY 11101

*Attorneys for Peter Petratos*

11

## RIDER A

WHEREAS Defendant Peter Petratos is no longer an officer of Defendant K&T Provisions, Inc.; and

WHEREAS Petratos is therefore unable to pay any portion of his settlement amount to Plaintiff Santiago Ramirez as W2 income, as required under Section 1 of the Settlement Agreement;

**NOW, THEREFORE, the undersigned Parties agree to amend the relevant part of said Section 1 to read as follows:**

*Payments by Petratos:*

(c)     **Six installments**, payable on the fifteenth day, or the first business day immediately thereafter, of each of March, June, September and December 2017, and March and June 2018, allocated as follows and delivered to Releasor's counsel as specified below:

  i.     One check in the amount of $2,200.00, payable to Releasor and to be reported on IRS Form 1099; and

  ii.     One check in the amount of $650.00, payable to JTB and to be reported on IRS Form 1099.

(d)     **Final installment**, payable on the seventeenth day of September 2018, allocated as follows and delivered to Releasor's counsel as specified below:

  i.     One check in the amount of $2,112.50, payable to Releasor and to be reported on IRS Form 1099; and

  ii.     One check in the amount of $787.50, payable to JTB and to be reported on IRS Form 1099.

Any photocopy of the original of this RIDER A, executed by any Party or Parties, shall be deemed to be an original for any and all purposes. The Parties also agree to permit the exchange among them of this RIDER A by facsimile transmission and/or as an attachment to an email, and that any such facsimile or attachment shall be deemed an original copy.


EFFECTIVE AS OF the last date entered below:


_____     Date: _____
  Santiago Ramirez

K&T Provisions, Inc.

By: _MICHAEL BIANCANIELLO_ Date: _2-23-17_
(print name)

_____ Date: _____
Robert Eliodromytis

_____ Date: _2-23-17_
Peter Petratos

# EXHIBIT B

**SANTIAGO RAMIREZ DAMAGES MODEL 2016.02.04**

**Recoverable time:**

| | |
|---|---|
| **Against Petratos (Hans)** | fired March 31, 2015 |
| Apr 1 - Dec 31, 2009: 39 wks | recovery from April 1, 2009 |
| 2010: 52 wks | 6 yrs (312 wks) NYLL statutory period |
| 2011: 52 wks | 5 days/wk @ 12 hrs = 60 hrs/wk |
| Jan 1 - Sept 12, 2012: 34 wks | paid $500/wk |
| TOTAL : 177 wks | owed half-time OT for 20 hrs/wk |
| *liquidated @ 25%: 105 wks* | regular rate = $500/60 = $8.33 |
| *liquidated @ 100%: 72 wks* | owed SoH at MW, **for those periods when he was paid less than MW** |
| | liquidated **includes** SoH |
| **Against Eliodromytis (Giampillis)** | liquidated @ 25% through Apr. 11, 2011 (14 wks in 2011) |
| Sept 13 - Dec 31, 2012: 18 wks | NYLL 195 penalty is $50/day, from Apr. 9, 2011 (= 266 days in 2011) |
| 2013: 52 wks | NYLL 195 recovery is capped at $5000 |
| 2014: 52 wks | sale closed 9/12/12 |
| Jan 1 - Mar 31, 2015: 13 wks | |
| TOTAL: 135 wks | |
| *liquidated @ 100%: 135 wks* | |

| | Min Wage Hx | Pltf's rate | MW owed | OT owed | SoH owed | Liquidated | NYLL 195 | truck | Grand totals |
|---|---|---|---|---|---|---|---|---|---|
| **Petratos** | | | | | | | | | |
| 2009-Apr 11, 2011: $7.25 *(105 wks)* | $ 8.33 | | | $ 8,746.50 | | $ 2,186.63 | | | |
| Apr 11, 2011 - Sept 12, 2012: $7.25 *(72 wks)* | $ 8.33 | | | $ 5,997.60 | | $ 5,997.60 | | | |
| **Petratos totals** | | | | **$ 14,744.10** | | **$ 8,184.23** | **$ 5,000.00** | | **$ 27,928.33**  (Hans) |
| | | | | | | | | | |
| **Eliodromytis** | | | | | | | | | |
| Sept 13, 2012 - Dec 31, 2013: $7.25 *(70 wks)* | $ 8.33 | | | $ 5,831.00 | | $ 5,831.00 | | | |
| 2014: $8.00 *(52 wks)* | $ 8.33 | | | $ 4,331.60 | | $ 4,331.60 | | | |
| 2015: $8.75 *(13 wks)* | $ 8.33 | $ 218.40 | $ 1,137.50 | $ 568.75 | $ 1,924.65 | | | |
| **Eliodromytis totals** | | | **$ 218.40** | **$ 11,300.10** | **$ 568.75** | **$ 12,087.25** | | **$ 1,000.00** | **$ 25,174.50**  (Giampillis) |

| | |
|---|---|
| **TOTAL MW, OT & SoH OWED** | $ 26,831.35 |
| **LIQUIDATED** | $ 20,271.48 |
| **NYLL 195 NOTICE PENALTY** | $ 5,000.00 |
| **TRUCK** | $ 1,000.00 |
| | |
| **GRAND TOTAL** | **$ 53,102.83** |

# EXHIBIT C

**2017.02.28 SANTIAGO RAMIREZ V. K&T MEATS, ET AL.**
**ATTORNEY FEES AND EXPENSES**

**FEES**

| Date | Time (hrs) | Rate | Total | Task | Timekeeper |
|---|---|---|---|---|---|
| 9/7/2015 | 2.5 | $ 325 | $ 812.50 | drafting complaint | Almonrode, Patrick |
| 9/14/2015 | 1.7 | $ 325 | $ 552.50 | drafting complaint; TC with client re income-execution by NYS Tax; emailing complaint to client for review | Almonrode, Patrick |
| 10/15/2015 | 0.1 | $ 325 | $ 32.50 | call to defendant to confirm receipt of complaint, inquire as to representation | Almonrode, Patrick |
| 10/26/2015 | 0.5 | $ 325 | $ 162.50 | preparing and filing proposed subpoena for Petratos | Almonrode, Patrick |
| 10/28/2015 | 0.3 | $ 325 | $ 97.50 | call w Sal Acquista, atty for Petratos; emailing both def attys WoS forms | Almonrode, Patrick |
| 11/5/2015 | 0.3 | $ 325 | $ 97.50 | filing WoS from K&T and Eliodromytis; replying to def counsel email | Almonrode, Patrick |
| 11/9/2015 | 0.2 | $ 325 | $ 65.00 | tc w client re settlement authority (no settlement at this time) | Almonrode, Patrick |
| 11/18/2015 | 0.2 | $ 325 | $ 65.00 | serving Petratos | Almonrode, Patrick |
| 11/30/2015 | 0.3 | $ 325 | $ 97.50 | review of answer and cross-claim | Almonrode, Patrick |
| 12/7/2015 | 0.3 | $ 325 | $ 97.50 | emails and calls w def attys to set up conference call re adjourning initial conference w court; drafting case mgmt plan; filing letter motion | Almonrode, Patrick |
| 1/26/2016 | 0.5 | $ 325 | $ 162.50 | initial conference | Almonrode, Patrick |
| 3/24/2016 | 0.2 | $ 325 | $ 65.00 | drafting status report | Almonrode, Patrick |
| 4/11/2016 | 0.3 | $ 325 | $ 97.50 | review ltr from Hans re Petratos's assets; EM to Hans re same | Almonrode, Patrick |
| 4/18/2016 | 0.7 | $ 325 | $ 227.50 | TC w def counsel (both) re settlement progress | Almonrode, Patrick |
| 4/19/2016 | 0.3 | $ 325 | $ 97.50 | status conference w court; prep for same | Almonrode, Patrick |
| 5/6/2016 | 0.2 | $ 325 | $ 65.00 | EM to def counsel re counter-offers | Almonrode, Patrick |
| 5/20/2016 | 1.7 | $ 325 | $ 552.50 | drafting discovery requests | Almonrode, Patrick |
| 5/23/2016 | 0.3 | $ 325 | $ 97.50 | EMs to both def counsel re upcoming status conf, need to show movement | Almonrode, Patrick |
| 5/27/2016 | 0.1 | $ 325 | $ 32.50 | call w Stephen Hans | Almonrode, Patrick |
| 5/27/2016 | 0.3 | $ 325 | $ 97.50 | teleconference w court | Almonrode, Patrick |
| 6/6/2016 | 0.3 | $ 325 | $ 97.50 | filing CtS | Almonrode, Patrick |
| 6/9/2016 | 0.1 | $ 325 | $ 32.50 | call w M Giampilis | Almonrode, Patrick |
| 6/17/2016 | 0.1 | $ 325 | $ 32.50 | EM to Giampilis re records | Almonrode, Patrick |
| 6/20/2016 | 0.2 | $ 325 | $ 65.00 | calls to def attys re records (Giampilis), RFAs and deps (both) | Almonrode, Patrick |
| 6/21/2016 | 0.1 | $ 325 | $ 32.50 | TC to Hans re RFAs (LM - on trial); sent EM | Almonrode, Patrick |
| 6/24/2016 | 0.1 | $ 325 | $ 32.50 | TC w def counsel Giampilis | Almonrode, Patrick |
| 6/28/2016 | 0.1 | $ 325 | $ 32.50 | LM for Stephen Hans | Almonrode, Patrick |
| 7/6/2016 | 0.1 | $ 325 | $ 32.50 | TC w Hans: status update | Almonrode, Patrick |
| 7/8/2016 | 0.1 | $ 325 | $ 32.50 | TC w client re timecards | Almonrode, Patrick |
| 7/14/2016 | 0.8 | $ 325 | $ 260.00 | EM to Giampilis re fabricated timesheets; draft and circulate new proposed case mgmt plan | Almonrode, Patrick |

| Date | Hours | Rate | Amount | Description | Timekeeper |
|---|---|---|---|---|---|
| 7/14/2016 | 0.2 | $ 325 | $ 65.00 | calls to def attys re scheduling | Almonrode, Patrick |
| 7/15/2016 | 0.8 | $ 325 | $ 260.00 | teleconference w court; prepare for same | Almonrode, Patrick |
| 7/26/2016 | 0.2 | $ 325 | $ 65.00 | TC w Giampilis - OUR turn to move - talk w Santiago ASAP | Almonrode, Patrick |
| 8/10/2016 | 0.1 | $ 325 | $ 32.50 | call to Giampilis (LM) | Almonrode, Patrick |
| 8/12/2016 | 0.1 | $ 325 | $ 32.50 | EM to def counsel (Giampillis) | Almonrode, Patrick |
| 8/12/2016 | 0.1 | $ 325 | $ 32.50 | TC w Giampilis - they're at $5K (all in); our turn to move CALL SANTIAGO | Almonrode, Patrick |
| 8/15/2016 | 0.2 | $ 325 | $ 65.00 | TC w client re refusal of W Jose Antonio Ramirez to help out | Almonrode, Patrick |
| 8/29/2016 | 0.2 | $ 325 | $ 65.00 | EMs w Esmi re calls w Santiago and Jose Antonio Ramirez | Almonrode, Patrick |
| 8/30/2016 | 0.2 | $ 325 | $ 65.00 | call w client, and w witness Jose Antonio Ramirez | Almonrode, Patrick |
| 9/2/2016 | 0.2 | $ 325 | $ 65.00 | TCs w Stephen Hans re talking w Petratos about possible W Jose Antonio Ramirez | Almonrode, Patrick |
| 9/7/2016 | 0.5 | $ 325 | $ 162.50 | status/strategy discussion w JTB; TC w client | Almonrode, Patrick |
| 9/9/2016 | 0.3 | $ 325 | $ 97.50 | calls/texts to confirm client's attendance at hearing | Almonrode, Patrick |
| 9/10/2016 | 0.4 | $ 325 | $ 130.00 | TC w client to confirm attendance; quick research re successor liability (must be explicit in NY); EM to Hans re same | Almonrode, Patrick |
| 9/12/2016 | 1.0 | $ 325 | $ 325.00 | TC to def counsel Hans re successor liability; prep for settlement conference | Almonrode, Patrick |
| 9/12/2016 | 1.0 | $ 325 | $ 325.00 | mtg w client, R Reyes | Almonrode, Patrick |
| 9/12/2016 | 1.8 | $ 325 | $ 585.00 | settlement conf | Almonrode, Patrick |
| 9/12/2016 | 0.2 | $ 325 | $ 65.00 | debrief call w JTB | Almonrode, Patrick |
| 9/13/2016 | 0.3 | $ 325 | $ 97.50 | reviewing docs from settlement conference | Almonrode, Patrick |
| 9/19/2016 | 0.1 | $ 325 | $ 32.50 | status call w client | Almonrode, Patrick |
| 9/26/2016 | 0.1 | $ 325 | $ 32.50 | TC to Giampilis re latest demand (not in); EM re same | Almonrode, Patrick |
| 10/4/2016 | 3.4 | $ 325 | $ 1,105.00 | settlement conference; pre- and post-conference meetings w client | Almonrode, Patrick |
| 10/4/2016 | 0.8 | $ 325 | $ 260.00 | prep for settlement conference: update billing records, review file, brief Alec and Rebecca | Almonrode, Patrick |
| 10/5/2016 | 0.4 | $ 325 | $ 130.00 | debrief settlement conf w JTB; EM to def attys ($32K, tighter timetable) | Almonrode, Patrick |
| 10/10/2016 | 0.2 | $ 325 | $ 65.00 | status update w client; call w Giampilis (will try for $32 total, will get back to me by Wed 10/12) | Almonrode, Patrick |
| 11/7/2016 | 0.6 | $ 325 | $ 195.00 | TCs w client re accepting settlement. He insists on $500 more; PA will try (and also try to tighten payment schedule); EM to def counsel re same | Almonrode, Patrick |
| 11/16/2016 | 0.3 | $ 325 | $ 97.50 | call def counsel (Hans); call to client (no add'l $500) (LM & text) | Almonrode, Patrick |
| 11/18/2016 | 0.1 | $ 325 | $ 32.50 | call to client re accepting settlement (LM) | Almonrode, Patrick |
| 11/21/2016 | 0.2 | $ 325 | $ 65.00 | calls to client re accepting settlement (LM - sw wife; she will tell him to call me); client called - wants to think about it tonight, will call me tomorrow | Almonrode, Patrick |
| 11/22/2016 | 0.1 | $ 325 | $ 32.50 | LM re accepting settlement | Almonrode, Patrick |
| 11/27/2016 | 0.1 | $ 325 | $ 32.50 | call client (LM w wife) | Almonrode, Patrick |
| 11/29/2016 | 0.1 | $ 325 | $ 32.50 | LM (x2) for client | Almonrode, Patrick |

| Date | Hours | | Rate | | Amount | Description | Attorney |
|---|---|---|---|---|---|---|---|
| 11/30/2016 | 0.2 | $ | 325 | $ | 65.00 | TC to client (LM); LM w wife - call him just after 8AM Thu while in transit | Almonrode, Patrick |
| 12/5/2016 | 1.2 | $ | 325 | $ | 390.00 | TCs w client and EP; discussion w JTB and EP; draft ltr to client | Almonrode, Patrick |
| 12/6/2016 | 0.9 | $ | 325 | $ | 292.50 | EM to def counsel re payment plan; TC to client (n/a); editing letter to client | Almonrode, Patrick |
| 12/8/2016 | 1.8 | $ | 325 | $ | 585.00 | draft settlement agreement; send same to def counsel | Almonrode, Patrick |
| 12/12/2016 | 1.1 | $ | 325 | $ | 357.50 | translating first "lien letter" to client back to English for JTB; drafting new (English) lien letter; call to client (LM); draft letter re estimated withholdings, send to client | Almonrode, Patrick |
| 12/19/2016 | 2.4 | $ | 325 | $ | 780.00 | TCs w client | Almonrode, Patrick |
| 12/21/2016 | 0.1 | $ | 325 | $ | 32.50 | EM to def counsel re settlement papers | Almonrode, Patrick |
| 12/22/2016 | 2.0 | $ | 325 | $ | 650.00 | mtg w client (accepts $32K - $24.5/$7.5; wants it in 4 payments over a year); revision to draft settlement agreement; EM to def counsel re same | Almonrode, Patrick |
| 1/9/2017 | 0.8 | $ | 325 | $ | 260.00 | review defs' redlined stlmt agreement; return w additional edits | Almonrode, Patrick |
| 1/26/2017 | 0.4 | $ | 325 | $ | 130.00 | edits to settlement agreement (changing payout for Petratos) | Almonrode, Patrick |
| 1/27/2017 | 0.2 | $ | 325 | $ | 65.00 | EM revised settlement agreement to def counsel | Almonrode, Patrick |
| 2/13/2017 | 0.6 | $ | 325 | $ | 195.00 | EM to def counsel re conference tmw; TC (attempted) re same; call to chambers; filing ltr requesting adjournment | Almonrode, Patrick |
| | **39.0** | **$** | **325** | **$ 12,675.00** | | **subtotal Almonrode** | |
| 3/21/2016 | 0.6 | $ | 500 | $ | 300.00 | TC w def atty Stephen Hans re: potential resolution, facts of case and records of def Petratos | Brown, Jason |
| 3/24/2016 | 0.1 | $ | 500 | $ | 50.00 | sw PA re: case and status report | Brown, Jason |
| 9/7/2016 | 0.4 | $ | 500 | $ | 200.00 | Discussion with PA re: upcoming settlement conference - damages, successor liability, solvency issues of defendant, damage model, interpreter, handwriting expert, other witnesses, internal authorizations | Brown, Jason |
| | **1.1** | **$** | **500** | **$** | **550.00** | **subtotal Brown** | |
| 12/5/2016 | 0.5 | $ | 150 | $ | 75.00 | TC w client (interpreting) | Pereyra, Esmeralda |
| | **0.5** | **$** | **150** | **$** | **75.00** | **subtotal Pereyra** | |
| 9/12/2016 | 1.0 | $ | 150 | $ | 150.00 | lunch mtg w client, P Almonrode | Reyes, Rebecca |
| 9/12/2016 | 1.8 | $ | 150 | $ | 270.00 | attend settlement conference (as interpreter) | Reyes, Rebecca |
| 10/4/2016 | 3.4 | $ | 150 | $ | 510.00 | settlement conference; pre- and post-conference meetings w client | Reyes, Rebecca |
| | **7.2** | **$** | **150** | **$** | **1,080.00** | **subtotal Reyes** | |
| | | | **TOTAL FEES** | **$ 14,380.00** | | | |
| | **46.8** | **TOTAL TIME** | | | | | |

**EXPENSES**

| Date | Expense | Item |
|------|---------|------|
| 9/30/2015 | $ 400.00 | complaint filing fee |
| 10/1/2015 | $ 5.05 | USPS Priority - Waivers of service, complaint, etc to defendants |
| 12/4/2015 | $ 129.95 | Guaranteed Subpoena Service, Inc. - service on Eliodromytis |
| 9/12/2016 | $ 30.00 | Park Plaza Restaurant |
| 9/13/2016 | $ 5.75 | USPS Priority - return of original signature exemplars to client |
| 10/4/2016 | $ 35.00 | PARK PLAZA RESTAURANT |
|  |  | Lunch meeting w client (PA, AI, RR) to prep for settlement conference |
| 10/4/2016 | $ 12.00 | PARK PLAZA RESTAURANT |
|  |  | Post-conference with PA, AI, RR, and the client. |
| 12/6/2016 | $ 5.75 | USPS Priority to Santiago Ramirez |
|  |  | Tracking #: 9405511899564525056139 |
|  |  | Re: (ltr sent by PA) |
| 12/12/2016 | $ 5.75 | USPS Priority to Santiago Ramirez |
|  |  | Tracking #: 9405511899564593227950 |
|  |  | RE: Final lien letter |
| 12/22/2016 | $ 20.00 | THE MANCHESTER DINER - Breakfast mtg w client & his daughter (interpreter) |
| 1/23/2017 | $ 1.19 | 1st Class Mail to Santiago Ramirez re: Settlement Agreement |
| **TOTAL EXPENSES** | **$ 650.44** | |

**GRAND TOTAL   $ 15,030.44**